**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4154**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAN FRANKLIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Michael F. Urbanski, Chief District Judge.  (4:20-cr-00019-MFU-1)

Submitted:  May 3, 2023                                           Decided:  May 23, 2023

Before HARRIS and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Monica D. Cliatt, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashan Franklin entered a conditional guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C §§ 922(g)(1), reserving, in his plea agreement, the right to appeal the district court's denial of his motion to suppress. On appeal, Franklin argues that the district court erred in denying his motion to suppress the firearm, which was seized from the kitchen cabinet of an apartment in which Franklin was a guest. We affirm.

We review de novo a district court's legal conclusions in denying a motion to suppress and review its factual findings for clear error, viewing the evidence in the light most favorable to the Government. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). We will find clear error only when we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). "The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *United States v. Small*, 944 F.3d 490, 501 (4th Cir. 2019) (cleaned up).

Franklin first contends that the officers exceeded the scope of the apartment tenant's consent to enter the apartment. "Consent to a search or for entry into one's home must be knowing and voluntary." *United States v. Ojedokun*, 16 F.4th 1091, 1113 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 2780 (2022). "The question of whether consent to a search is voluntary—as distinct from being the product of duress or coercion, express or implied—is one of fact to be determined from the totality of all the circumstances." *Id.* at 1113-14 (internal quotation marks omitted). "When there is no question that consent was voluntary, the scope of that consent is assessed by considering

2

what the typical reasonable person would have understood by the exchange between the officer and the suspect." *Id.* (cleaned up). Upon review, we discern no clear error in the district court's finding that the tenant validly consented for officers to enter the apartment and that the officers did not exceed the scope of that consent.

Next, Franklin argues that the officers' presence in the apartment amounted to a seizure, and that the officers lacked reasonable suspicion to seize him. Assuming, as the district court did, that the encounter changed in character from consensual to a seizure at some point, we conclude that, under the totality of the circumstances, the officers had reasonable suspicion to seize Franklin both before and after they found the gun. Consistent with the Fourth Amendment, "[a]n officer may stop and briefly detain a person when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *United States v. Montieth*, 662 F.3d 660, 665 (4th Cir. 2011) (internal quotation marks omitted). To justify the particular intrusion, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "Thus, a court must look to the totality of the circumstances in determining whether the officer had a particularized and objective basis for suspecting criminal activity." *United States v. Foster*, 634 F.3d 243, 246 (4th Cir. 2011). Here, several specific and articulable facts existed that reasonably warranted a brief seizure of Franklin. A 911 caller reported that the tenant and Franklin had repeatedly attempted to break into a unit she believed to be vacant in her apartment building. Next, one officer had relayed that the tenant and Franklin were smoking marijuana—an activity that was illegal at the time.

3

Another officer, who was viewing the tenant and Franklin from outside the apartment, through a first-floor window, observed Franklin quickly place something into the kitchen cabinet when Franklin realized that police had arrived at the apartment door. These circumstances provided a particularized and objective basis for the officers to briefly seize Franklin.

Finally, Franklin asserts that the officers' search of the kitchen cabinet was unlawful. Franklin contends that because the officers threatened Franklin that they would obtain a warrant to search the cabinet, their coercive language rendered involuntary the tenant's subsequent consent to search the cabinet. Upon review, we conclude that the district court did not clearly err in determining that the tenant's consent was voluntary.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*